United States District Court
Southern District of Texas
**ENTERED**
November 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE BRAZIEL, | § | |
| TDCJ # 02249379, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-1533 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael DeWayne Braziel, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a robbery conviction. Braziel proceeds *pro se* and has paid the filing fee. The respondent has filed a motion for summary judgment (Dkt. 8) along with a copy of the state court records (Dkt. 9). Braziel filed a response (Dkt. 12). After considering the pleadings and filings, the applicable law, and all matters of record, the Court determines that the respondent's motion for summary judgment should be **granted** and the petition should be **dismissed** as time-barred.

## I.    BACKGROUND

On February 28, 2019, Braziel was convicted of aggravated robbery with a deadly weapon (Case No. 1562255) and evading arrest with a motor vehicle (Case No. 1520101) in the 262nd District Court of Harris County. Braziel entered into a plea agreement and

pleaded guilty to both charges (Dkt. 9-2, at 65-66 (judgment for aggravated robbery); Dkt. 9-7 at 62-63 (judgment for evading arrest)).   The plea agreement and admonishments, which Braziel initialed and signed, reflect his understandings about the case, including that he was facing a sentence of 15 years to life; that he understood the admonishments; that his plea was "freely, knowingly and voluntarily made"; that he was "totally satisfied with the representation provided by [his] counsel and . . . received effective and competent representation"; and, that he "confess[ed] and admit[ted] that [he] committed each and every allegation contained" in the indictment (Dkt. 9-2, at 50-60).   The court sentenced him to 15 years in TDCJ for each conviction, with sentences to run concurrently (*id*. at 65).[1]   In this habeas action, Braziel challenges only the aggravated robbery conviction.

On July 19, 2021, Braziel executed an application for state habeas relief from his aggravated robbery conviction (WR-59,751-02) (Dkt. 9-2, at 4-34).   On October 13, 2021, the Court of Criminal Appeals dismissed the application without written order as non-compliant with Texas Rule of Appellate Procedure 73.2 (Dkt. 9-4).

On January 19, 2022, Braziel executed another application for state habeas relief from his aggravated robbery conviction (WR-59,751-04) (Dkt. 9-9, at 4-34).[2]   On April 13,

---

[1]     TDCJ's public records reflect that Braziel also is serving a 25-year sentence based on a 1997 conviction for aggravated robbery in Harris County, Case No. 730012.   *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/start.action (last visited Nov. 28, 2022).

[2]     Braziel executed a separate habeas application on January 19, 2022, to challenge his conviction for evading arrest with a motor vehicle (WR-59,751-03) (Dkt. 9-7, at 4-22).   The Court of Criminal Appeal denied the application without written order on April 13, 2022 (Dkt. 9-8).

2022, the Court of Criminal Appeals denied his application without written order (Dkt. 9-10).

On May 5, 2022, Braziel executed his federal petition for a writ of habeas corpus in this case (Dkt. 1, at 10). The petition was docketed with the Court on May 9, 2022.  Braziel brings eleven claims for relief: (1) his trial counsel was constitutionally ineffective because he failed to investigate, hire an investigator, or research the case; (2) his counsel coerced him to accept the prosecution's plea offer; (3) his counsel failed to prepare Braziel for trial because he failed to investigate the case, conduct research, file motions, or inform Braziel of his strategy; (4) his counsel failed to arrange Braziel's presence at a pretrial hearing; (5) his counsel failed to file the motions requested by Braziel, resulting in a conflict of interest; (6) his counsel failed to file a motion to suppress statements regarding a "BB gun" and thus did not find out that the robbery had been carried out with a "real gun"; (7) his counsel violated Braziel's due process rights when he failed to file motions on his behalf, refused Braziel the right to attend the pretrial hearing, and failed to prepare Braziel for trial; (8) his counsel failed to suppress or challenge a statement from a law enforcement officer regarding a surveillance video that had been destroyed after the officer viewed it; (9) his counsel failed to "suppress the video tape" by failing to arguing at a pretrial hearing that the video had been available "for 48-72 hours for evidence" but "was destroyed in bad faith" by the officer who reviewed it before it was destroyed; (10) his counsel failed to place Braziel in a line up to test the officer's memory; and, (11) his counsel failed to file a motion to dismiss and to quash the indictment (Dkt. 1, at 6-7; Dkt. 2-1, at 2-4).  As relief

for his claims, Braziel seeks reversal of his conviction and acquittal "with immunities" (Dkt. 1, at 7).

Braziel also filed a supporting memorandum elaborating on his claims and the facts supporting them.  He states that he is innocent and that the robbery case against him was merely circumstantial, but that his counsel refused to investigate the facts of his case or to argue that no evidence supported his participation in a robbery (Dkt. 2, at 11-12).  Braziel claims that he was present at the time of the robbery but that his friend robbed the store "without [Braziel's] consent or knowledge" (*id.* at 10); that Braziel did not realize what had happened until the friend came out of the store and ran to Braziel's car "with a gun and what looked like a bag with money" (*id.* at 3); that Braziel had been cleaning the back seat of his car and was "stunned" to learn of a robbery (*id*. at 4); that his friend had a gun and yelled at Braziel to get in the car and drive, and that Braziel complied because he knew the friend "would shoot" if Braziel tried to resist (*id.*); that Braziel jumped out of the car and ran when police stopped the car because he was fearful and "so overwhelmed by the sudden turn of events and everything happening at once," but that he had never denied evading arrest (*id*. at 10-11).  Braziel also claims that his counsel repeatedly insisted that he take a plea deal, despite Braziel's statements of his innocence, telling Braziel that the prosecution was going to seek a sentence of at least 40 years (*id*. at 4-6; *see id.* at 6-7 (stating that he felt that his counsel "was selling [him] out" but that he "sign[ed] all of [his] rights away" because he "really and tru[ly] felt forced with no other choice but to comply" with counsel)).  His memorandum repeats his arguments that his counsel failed to properly

investigate and did not file motions regarding the destroyed surveillance videotape, the officer's background, the weapon listed in the indictment, and other issues.  He states that the trial record supports all of his claims regarding his innocence and his counsel's poor performance (*id*. at 11; Dkt. 1, at 9).

The respondent has filed a motion for summary judgment and argues that Braziel's claims are barred by the statute of limitations.  Braziel states in his petition that his "[f]amily struggled financially to obtain an attorney" to represent him, which "led to [Braziel] having to research necessary grounds for a proper attack" (*id.*).

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up).  "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id.*

Braziel's petition challenges his conviction for aggravated robbery with a deadly weapon.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the petition is subject to a one-year limitations period. The limitations period runs from the "latest of" four accrual dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period.  *Id.* § 2244(d)(2).

In this case, Braziel was convicted on February 28, 2019.  Because he did not appeal, his conviction became final on Monday, April 1, 2019, when the 30-day period to file an appeal expired.  *See* TEX. R. APP. P. 26.2(a)(1); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).[3]  His limitations period under § 2244(d)(1)(A) therefore ended one year later, on Wednesday, April 1, 2020.  His federal petition, executed on May 5, 2022, is over two years late and time-barred unless a statutory or equitable exception applies.

Braziel's two state habeas petitions do not toll the limitations period under the statutory tolling provision of 28 U.S.C. § 2244(d)(2) because, at the time Braziel filed them in 2021 and 2022, the AEDPA limitations period already had expired.  *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).  Additionally, Braziel does not demonstrate the

---

[3]     Braziel's 30-day period to appeal ran until March 30, 2019, which was a Saturday.  The deadline therefore was automatically extended to Monday, April 1, 2019.

applicability of any provisions in § 2244(d)(1) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a recently discovered factual predicate for his claims. Therefore, no statutory exception renders Braziel's petition timely.

Braziel's summary judgment response refers to equitable tolling. Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). A petitioner is entitled to equitable tolling of AEDPA's limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). Application of the doctrine "'turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). A petitioner seeking application of the doctrine bears the burden to provide supporting facts. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

In this case, Braziel argues that, although he knew at the time of trial that he was dissatisfied with his counsel's representation, he "did not know that he was ineffective as counsel until recently as described by the constitutional amendment" (Dkt. 12, at 9). His petition also cites his financial difficulty in retaining counsel for habeas proceedings (Dkt. 1, at 9). However, "ignorance of the law, even for an incarcerated *pro se* petitioner,

generally does not excuse prompt filing" of a federal habeas petition.  *Fisher*, 174 F.3d at 714; *see Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).   Additionally, given Braziel's statements that the facts supporting his claim are available in the trial record, he fails to show due diligence in seeking habeas relief.  *See Holland*, 560 U.S. at 649. Therefore, equitable tolling of the limitations period is not warranted in this case.

Braziel also requests that the Court apply the actual-innocence exception to AEDPA's time bar (Dkt. 12, at 11-13).  Actual innocence, if proved, serves as an equitable exception to the limitations period in Section 2244(d) and allows a "gateway" for a petitioner to present claims that otherwise would be barred.  *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Hancock v. Davis*, 906 F.3d 387, 389-390 (5th Cir. 2018).  A showing of actual innocence is "rare" and requires a petitioner to show that, "'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To be credible, claims of actual innocence require "new reliable evidence." *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (cleaned up).  Although the Supreme Court has not defined "new reliable evidence" in this context, the Fifth Circuit has held that evidence that "was always within the reach of [the petitioner's] personal knowledge or reasonable investigation" does not qualify as "new."  *Hancock*, 906 F.3d at 389-90 & n.1. Moreover, the timing of the petition "is a factor bearing on the reliability of the evidence purporting to show actual innocence."  *McQuiggin*, 569 U.S. at 386-87 (cleaned

up).  In other words, if a petitioner has delayed in bringing his claim of actual innocence, that delay is a factor relevant to the reliability of his evidence.  *Id*. at 399.

Here, Braziel claims that "court records and documents" from his trial show that counsel failed to effectively represent him by investigating and litigating the case so as "to protect [his] client's innocence" (Dkt. 12, at 12).  His arguments regarding actual innocence rely on his counsel's actions or deficiencies at the time of his trial and evidence that was in the trial record.  Because this evidence was within his personal knowledge or in reach of reasonable investigation at the time of his trial, Braziel does not show "new evidence" that could satisfy the actual innocence standard.  *See McQuiggin*, 569 U.S. at 386; *Hancock*, 906 F.3d at 389-390. Therefore, the actual innocence exception is not properly applied to this case.

Because Braziel's petition is time barred, the Court may not address his claims.  The respondent's motion for summary judgment will be granted.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.  Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  **CONCLUSION**

For the reasons stated above the Court **ORDERS** as follows:

1.     The respondent's motion for summary judgment (Dkt. 8) is **GRANTED**.

2.     Braziel's habeas claims are **DISMISSED** as time barred.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____November 30_____, 2022.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE